

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

KENNETH R. FLAUM, Individually,      :
                                     :
        Plaintiff,                   :
                                     :
vs.                                  :      Case No. 4:13CV131
                                     :
GLOUCESTER LANES, INC., a Virginia   :
Corporation, MAHMOOD KALANTAR,       :
Individually and BELINDA             :
KALANTARZADEH, Individually,         :
                                     :
        Defendants.                  :
                                     /
_____

## COMPLAINT

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, GLOUCESTER LANES, INC., a Virginia Corporation, MAHMOOD KALANTAR, Individually and BELINDA KALANTARZADEH, Individually, (sometimes referred to as "Defendants"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

### JURISDICTION AND PARTIES

1.      Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2.      Defendants' property, VILLAGE LANES, is located at 7307 John Clayton Memorial Highway, Gloucester, VA 23061, in the County of Gloucester.

3.      Venue is properly located in the EASTERN District of VIRGINIA because venue lies in the judicial district of the property situs.   The Defendants' property is located in and does

business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Mr. Flaum has a service connected disability and has been evaluated at 100% disabled.   Mr. Flaum has back fusions, has rheumatoid arthritis, and had two hip replacements, and uses the aid of a scooter for mobility.   Mr. Flaum is totally and permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking.   Kenneth R. Flaum has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at this property.   The Plaintiff has encountered architectural barriers at the subject property, which have limited his access to the Defendants' property, and to the goods, services, facilities, privileges, and advantages offered at Defendants' property, and have impaired his ability to park at Defendants' facility, to reach the sales and service counters, and to use the restroom facilities.   The ADA violations and barriers to access at the property are more specifically set forth in this Complaint.

## COUNT I

## (VIOLATION OF TITLE III OF THE ADA)
## (INJUNCTIVE RELIEF DEMANDED)

6.      The allegations set forth in paragraphs 1-5 above are incorporated by reference as if fully set forth herein.

7.      Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendants own, operate, lease or lease to is known as Village Lanes, and is located at 7307 John Clayton Memorial Highway, Gloucester, VA 23061, in the County of Gloucester..

8.      Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.   Kenneth R. Flaum desires to visit Village Lanes not only to avail himself of the goods and services available at this property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.      The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

3

10.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   The preliminary inspection of the Village Lanes has shown that violations exist.   These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

**Parking and Accessible Routes**

A.      In this parking facility, there are an insufficient number of spaces designated for disabled use, violating Section 208.2 of the 2010 ADA Standards for Accessible Design.

B.      There are no signs designating the disabled use spaces, in violation of Section 502.6 of the 2010 ADA Standards for Accessible Design.

C.      There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the 2010 ADA Standards for Accessible Design.

D.      Some of the doors at the facility are fitted with inaccessible hardware, in violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design.

E.      The maneuvering clearance of some of the doors at the facility do not comply with the requirements of Section 404.2.1 of the 2010 ADA Standards for Accessible Design.

F.      The clear width of some of the doors at the facility does not comply with the requirements of Section 404.2.3 of the 2010 ADA Standards for Accessible Design.

G.      There are ramps at the facility that contain excessive slopes in violation of Section 405.2 of the 2010 ADA Standards for Accessible Design.

H.      The dimensions of the ramp landings that are provided do not comply with the requirements of Sections 405.7.2, 405.7.3, 405.7.4 and 405.7.5 of the 2010 ADA Standards for Accessible Design.

4

I.      There are ramps at the facility that lack hand rails on one or both sides as required in Section 405.8 of the 2010 ADA Standards for Accessible Design.

J.      There are ramps at the facility that lack the edge protection required in Section 405.9 of the 2010 ADA Standards for Accessible Design.

K.      There are changes in level greater than ½" on the accessible route that do not comply with the requirements of Section 303.4 of the 2010 ADA Standards for Accessible Design.

L.      There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.2 of the 2010 ADA Standards for Accessible Design.

**Access to Goods and Services**

A.      There are permanently designated interior and exterior spaces without the signage required in Sections 216 of the 2010 ADA Standards for Accessible Design.

B.      The signs that are provided at this facility do not comply with the requirements of Section 703 of the 2010 ADA Standards for Accessible Design.

C.      There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 ADA Standards for Accessible Design.

**Public Restrooms**

A.      The sinks in the restroom provided do not meet the requirements prescribed in Sections 213.3.4, 606.2 and 606.3 of the 2010 ADA Standards for Accessible Design.

B.      The restroom doors have improper hardware for disabled patrons, in violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design.

C.      The maneuvering clearances that are provided at the restroom doors do not comply with the provisions of Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

5

D.     The grab-bars in many of the common area restrooms do not comply with the requirements prescribed in Sections 604.5 and 609 of the 2010 ADA Standards for Accessible Design.

E.     There are urinals provided for public use that do not comply with the standards set forth in Sections 213.3.3 and 605 of the 2010 ADA Standards for Accessible Design.

F.     The toilet stalls provided for public use at the facility are in violation of Sections 604.8.1 and 604.8.2 of the 2010 ADA Standards for Accessible Design.

G.     The water closets that are provided for public use at the facility violate the provisions of Sections 604.2 thru 604.7 of the 2010 ADA Standards for Accessible Design.

H.     The mirrors provided for public use in the restrooms do not comply with the requirements in Sections 213.3.5 and 603.3 of the 2010 ADA Standards for Accessible Design.

I.     The location of the toilet paper dispenser provided does not comply with the requirements of Section 604.7 of the 2010 ADA Standards for Accessible Design.

J.     The location of the flush control on many of the public use W/Cs at the facility does not comply with the requirements of Section 604.6 of the 2010 ADA Standards for Accessible Design.

K.     The turning space that is provided in public restrooms does not comply with the requirements of Section 304.3.1 or Section 304.3.2 of the 2010 ADA Standards for Accessible Design.

L.     The location of the flush controls of the water closets do not comply with Section 604.6 of the 2010 ADA Standards for Accessible Design.

11.     The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The individual Plaintiff, and all other

6

individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.     Defendants have discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and

7

litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is that which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Village Lanes to make that facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as the Defendants cure its violations of the ADA.

## COUNT II

## VIRGINIA STATE CLAIM (DAMAGES)

17.　Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs numbered 1 through 16 of this Complaint.

18.　Defendants' property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

19.　The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

20.　As a direct and proximate result of Defendants' intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

21.　Consequently, the Plaintiff seeks monetary damages from the Defendants pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

**WHEREFORE,** Plaintiff respectfully requests:

a.　The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.　Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to

9

require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

        c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

        d.      The Court issue a Declaratory Judgment that the Defendants have violated The Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendants pursuant to Section 51.5-46 of the Code of Virginia.

Date: _____

Respectfully submitted,

_____
Reed S. Tolber, Esq.
Virginia Bar No.   66015
Attorney for Kenneth R. Flaum, Plaintiff
THE LAW OFFICES OF REED STEWART TOLBER P.A.
P.O. Box 5264
Charlottesville, VA 22905
(434) 295-6659
(434) 295-0816 - Facsimile
reedtolber@gmail.com
-and-
Lawrence A. Fuller, Esq.
*pro hac vice pending*
Attorney for Kenneth R. Flaum, Plaintiff
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com