UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KENNETH R. FLAUM,**

       **Plaintiff,**

v.                                                             **Civil Action No: 4:13cv131**

**GLOUCESTER LANES, INC., et al,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Waffle House's Motion for a More Definite Statement, Doc. 9.[1] For the reasons stated herein, the Court **GRANTS** the Motion **IN PART**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### a. Factual Background[2]

Plaintiff Kenneth R. Flaum ("Plaintiff" or "Flaum") is a resident of Gloucester, Virginia. Doc. 1 ¶ 1. Flaum is a disabled person, as defined under the Americans with Disabilities Act ("ADA"). Doc. 1 ¶ 5. Flaum brings this action under Title III of the ADA and the Virginians with Disabilities Act ("VDA"), alleging that the Defendant is in violation of these laws. Doc. 1. Flaum has personally visited four Waffle House locations in Virginia.[3] Doc. 1 ¶¶ 2, 5. He alleges numerous violations found at these four locations in general terms, but citing specific sections of the 2010 ADA Standards for Accessible Design. Doc. 1 ¶ 10. He does not provide any pictures of the

---

[1] All document numbers refer to Case No. 4:13cv156, the case number prior to the instant action being consolidated with several others filed by the Plaintiff.
[2] The Court assumes as true all well-pleaded factual allegations in the Complaint, as would be required if a Rule 12(b) motion had been filed in the matter. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.
[3] These properties are located at 2600 W. Mercury Blvd., Hampton, VA; 980 J. Clyde Morris Blvd., Newport News, VA; 12259 Hornsby Lane, Newport News, VA; and 1811 W. Mercury Blvd., Hampton, VA.

violations, does not provide the standards as an exhibit to his Complaint, and couches the allegations in general, non-specific terms. Id. Flaum also alleges violations in forty-one other Waffle Houses in the state of Virginia,[4] but he has not personally visited any of these locations.[5] Doc. 1 ¶¶ 2, 5. Flaum claims that the Defendant used common design plans in constructing all of these properties. Doc. 1 ¶ 10.

Flaum does not state when he visited the four locations in Hampton and Newport News. He does not state how often he has visited these locations in the past. He offers no definite plans to return to these restaurants, only stating that he "has visited some of the Waffle House properties which form the basis of this lawsuit and plans to return to the Waffle Houses in Virginia once they are made accessible, not only to avail himself of the goods and services offered to the public at these properties, but also to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination." Doc. 1 ¶ 5. Flaum resides a good distance away from many of these locations.[6] He does not state how he knows there are violations at the Waffle House locations he has not visited personally, only that there is a common design plan. Doc. 1 ¶ 10. While he couches his Complaint as representing himself "and others similarly situated," this is not a class action lawsuit. Doc. 1-1.

b. **Procedural Background**

Plaintiff filed his Complaint on November 21, 2013. Doc. 1. Defendant filed this Motion on January 14, 2014. Doc. 9. Plaintiff filed its memorandum in opposition on January 29, 2014. Doc. 16. Defendant filed its reply on February 4, 2014. Doc. 17. A hearing was held on April 2, 2014.

---

[4] These locations can be found in: Ashland, Colonial Heights, Blacksburg, Dublin, Charlottesville, Dumfries, Fredericksburg, Chesapeake, Glen Allen, Chester, Harrisonburg, Christiansburg, Hopewell, Lexington, Mechanicsville, Lynchburg, Midlothian, Ruther Glen, Norfolk, Sandston, Petersburg, Staunton, Richmond, Stephens City, Troutville, Virginia Beach, Waynesboro, Roanoke, Winchester, and Wytheville.
[5] Plaintiff's counsel stated at the hearing that he has visited more locations than the four, but did not specify which locations.
[6] These locations vary from approximately 25 to 310 miles from the county seat of Gloucester, the county in which Flaum resides.

## I. LEGAL STANDARD

A motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is not favored. Khair v. Countrywide Home Loans, Inc., No. 1:10cv410, 2010 WL 2486430, at *2 (E.D. Va. June 14, 2010). Such a motion is not a substitute for the discovery process and a motion for more definite statement is "'designed to strike at unintelligibility rather than simple want of detail.'" Frederick v. Koziol, 727 F. Supp. 1019, 1020–21 (E.D. Va. 1990) (quoting Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 91 (E.D. Wis. 1985)).

A motion for more definite statement will only be granted if the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading. Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973). A complaint does not need to "make a case" against a defendant or "forecast evidence sufficient to prove an element," rather, the sufficiency of a complaint depends on "whether the document's allegations are detailed and informative enough to enable the defendant to respond." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (internal quotation marks and citations omitted). A motion for more definite statement can be used to require the plaintiff to plead additional facts necessary to establish standing. Dempsey v. Harrah's Atlantic City Operating Co., Civ. No. 08-5237, 2009 WL 250274, at *5 (D.N.J. Feb. 2, 2009).

## II. ANALYSIS

Defendant's Motion focuses on two main arguments. First, the Defendant argues that Flaum lacks standing to bring this lawsuit, because he has failed to "allege the actual barriers that he encountered to accessibility at the Waffle House restaurants, the location of those barriers, the likelihood that he would encounter the barrier in the future, and how those barriers denied him full and equal access to the restaurant." Doc. 10 at 3–4. Second, the Defendant argues that by failing to allege the specific barriers that violate the ADA, the Plaintiff's Complaint states only "conclusory

allegations" that "do not permit Waffle House to determine what specific barriers at specific properties allegedly violate the statutory provisions of the ADA." Doc. 10 at 6.

In his opposition, the Plaintiff argues that, as it relates to the specificity of his allegations, he has provided specific allegations regarding the violations found at the four Waffle Houses he has visited. Doc. 16 at 2–3. In terms of standing, the Plaintiff argues that he has visited four Waffle House locations and that he desires to visit all the other Waffle Houses in Virginia, once they are made compliant with the ADA. Doc. 16 at 3.

### a. Standing

A Plaintiff must establish three elements to satisfy the constitutional requirements for standing. "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). Second, the plaintiff must show that the injury is "'fairly ... trace[able] to the challenged action of the defendant[.]" Id. (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41–42 (1976)). Third, the injury must likely be "redressed by a favorable decision." Lujan, 504 U.S. at 556 (internal quotation marks and citation omitted).

In order to show a particularized injury, the plaintiff must be affected in a personal and individual way. Id. at 560 n.1. Additionally, because Flaum seeks injunctive relief, he must show "a sufficient likelihood that he will again be wronged in a similar way." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" Lujan, 504 U.S. at 564 (quoting Lyons, 461 U.S. at 102). Simply professing an intent to return to places previously visited are not enough to establish standing; "'some day' intentions—

without any description of concrete plans, or indeed any specification of <u>when</u> the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." <u>Lujan</u>, 504 U.S. at 564.

In the ADA context, courts have often employed a four-factor test to determine if there is a particularized injury: "(1) the proximity of Defendant's business to Plaintiff's residence; (2) the Plaintiff's past patronage of Defendant's business; (3) the definitiveness of Plaintiff's plans to return; and (4) the Plaintiff's frequency of travel near the Defendant." See e.g., <u>Flaum v. Colonial Williamsburg Foundation</u>, No. 4:12cv111, 2012 WL 5879128, at *3 (E.D. Va. Nov. 21, 2012) (citing <u>Norkunas v. Park Road Shopping Ctr., Inc.</u>, 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011)). However, the Fourth Circuit has refused to explicitly endorse this test, noting that "this type of analysis in some cases ... overly and unnecessarily complicates the issue at hand." <u>Daniels v. Arcade, L.P.</u>, 477 F. App'x 125, 129 (4th Cir. 2012). This Court has interpreted <u>Daniels</u> to mean that these four factors should be considered, but that "satisfaction of the above listed factors is not necessarily required to establish that Plaintiff's injury is sufficiently concrete and particularized." <u>Flaum</u>, 2012 WL 5879128, at *3; but <u>see</u> <u>Nat'l Alliance for Accessibility, Inc. v. CMG Bethesda Owner LLC</u>, Civ. No. JFM-12-1864, 2012 WL 6108244 at *3 (D. Md. Dec. 7, 2012) (declining to apply the test at all because of <u>Daniels</u>); <u>Nat'l Alliance for Accessibility, Inc. v. Macy's Retail Holdings, Inc.</u>, No. 1:11cv877, 2012 WL 5381490, at *4–5 (M.D.N.C. Oct. 30, 2012) (finding that <u>Daniels</u> rejected the test where the plaintiff resides near the property and regularly patronizes it, but can be applied where the defendant does not reside in close proximity to the property in question).

### 1. The <u>Flaum</u> decision

In a different case involving the Plaintiff, this Court found that Flaum had standing to sue Merchants Square under very similar circumstances. In <u>Flaum</u>, Plaintiff sued Merchants Square for

similar violations of the ADA that he is alleging against Waffle House. See Flaum, 2012 WL 5879128 at *3 (alleging violations regarding excessive slopes, side slopes, and cross slopes; exposed pipes; improper door handles; and restroom noncompliance). Merchants Square is located about as close to Gloucester as are the four Waffle Houses that Flaum has personally visited. See id. (noting that he lives in close proximity to Merchants Square). As in Flaum, Plaintiff has stated he intends to return to the Waffle Houses. Id. While Flaum has not provided the Court any concrete plans on when he will return to the Waffle House, at the Rule 12(b) stage of the proceedings, this Court found standing exists because he is deterred from visiting the accommodation because of the access barriers. Id. at *4. Under similar circumstances, where the plaintiff had previously visited the location at question, other courts have also found standing. See e.g., Daniels, 477 F. App'x at 129–30 (finding standing where the plaintiff lived near the accommodation, visited it prior to filing the complaint, and regularly visited the accommodation); Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2003) (finding standing where plaintiff stated he would shop at the market if it were accessible); Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1318 (M.D. Fla. 2010) (finding that "standing should not be denied to a plaintiff seeking relief under the ADA merely because he cannot produce evidence of a specific date and time to return."). Therefore, Defendant's argument that it cannot assess Flaum's standing for these restaurants does not stand. Thus, the Court **DENIES** the Motion to the extent it requests more facts concerning Plaintiff's standing to bring suit against the four Waffle Houses he personally visited prior to filing the Complaint.

**2. Standing for the Waffle Houses that Flaum did not personally visit**

While the Court finds sufficient facts were pled for the four Waffle Houses Flaum has visited, the Court finds that a more definite statement is needed regarding standing for the forty-one Waffle Houses Flaum has not visited.

In Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000), the Eighth Circuit confronted a similar situation with multiple plaintiffs and multiple claims. In Steger, five plaintiffs sued the defendant concerning the noncompliance of one of defendant's buildings. Id. at 891. The Eighth Circuit noted that Supreme Court precedent required that plaintiff "must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers." Id. at 892. The Eighth Circuit found that four of the plaintiffs lacked standing because they could not show they had entered the building nor presented evidence they were aware of the building's barriers. Id. at 893. However, the fifth plaintiff had standing because he had entered the building prior to the lawsuit. Id. Thus, even though he did not encounter all of the barriers alleged in the complaint, the fifth plaintiff was allowed to bring all claims against the building that related to his specific disability. Id. at 893–95; see also Brother v. CPL Invs., Inc., 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004) (finding that of three handicap-accessible rooms in a hotel, plaintiffs lacked standing to challenge the conditions in one of the rooms because they had no actual knowledge of any barriers in that room at the time they filed the complaint).

Moreno v. G & M Oil Co., 88 F. Supp. 2d 1116 (C.D. Cal. 2000), is another case with similar facts to the instant case. In Moreno, the plaintiff encountered barriers at one gas station owned by the defendant, but claimed barriers existed at 82 other stations in California as well. Id. at 1116. Plaintiff in Moreno had not visited any of the other locations nor encountered any barriers. Id. The Moreno court classified this as an issue of prudential standing, finding that the plaintiff "may not assert a 'generalized grievance' or assert the rights of third parties at sites where he has suffered no injury." Id. at 1117. The Court found that no evidence existed showing that the plaintiff had "a close relation to persons discriminated against at the 82 additional sites, or that there exists any hindrance to those persons' ability to protect their own interests." Id. at 1118; but see Castaneda v.

Burger King Corp., 597 F. Supp. 2d 1035, 1042 (N.D. Cal. 2009) (finding "that a plaintiff may challenge discrimination on behalf of a class where the discrimination arises from a common policy or practice, or a common architectural design, at multiple commonly owned or affiliated locations.").

Additionally, similar logic was applied in Equal Rights Ctr. v. Abercrombie & Fitch Co., 767 F. Supp. 2d 510 (D. Md. 2010).[7] In Abercrombie, the district court allowed the organization to sue on behalf of unnamed members who complained of access in the defendant's stores, but only to the extent that those members had actually visited the stores. Id. at 527. Thus, under the facts of the case, plaintiffs could challenge barriers at eleven locations, but not every location operated by the defendant. Id. The court specifically limited the holding of Castaneda to a class-action claim. Id. at 528.

Thus, the Defendant is correct that Flaum needs to plead more facts to establish standing. The only allegation that Flaum has provided to the court is that a common design scheme was utilized. Doc. 1 ¶ 10. However, the Defendants counter correctly that despite this alleged common scheme, "Flaum has alleged different generic violations under the heading 'Parking and Accessible Routes' at the four restaurants he allegedly visited, and he has asserted generic violations involving a restroom in only one of the four restaurants." Doc. 17 at 3–4. This makes it difficult, if not impossible, for Waffle House to bring a Rule 12(b)(1) motion in good-faith. Thus, the Court **GRANTS** Defendant's Motion, and requires that the Plaintiff plead more facts that establish standing to bring claims against the forty-one Waffle House locations he has not personally visited.[8]

### b. Factual allegations

Defendant further alleges that its ability to respond to the lawsuit is adversely affected by certain factual details which were not included by the Plaintiff in the complaint. The Defendant

---

[7] This decision was based on associational standing, but much of the same logic applies.
[8] At this juncture, the Court is not ruling that Plaintiff cannot establish standing at all regarding the forty-one other Waffle Houses.

specifically requests that the Court order Flaum to provide "the specific locations of the barriers identified in paragraph 10 of the Complaint; a precise description of the barriers, including measurements (if available) of the deficiencies in the barriers; [and] a list of the 'other violations' of the ADA alluded to in paragraph 11 of the Complaint[.]" Doc. 10 at 8.

However, the specific information requested by the Defendant is not required for the Defendants to present a responsive pleading in this case. The complaint is not vague or unintelligible so as to deprive Waffle House of notice of the claims asserted by the Plaintiff. Plaintiff has alleged sufficient specific details regarding what issues allegedly exist at the four Waffle House locations to permit the Defendant to frame a responsive pleading. Doc. 1 ¶ 10. Similar factual content has been found sufficient by other courts in the context of an ADA claim. See e.g., Griffin v. Cedar Fair, L.P., 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011) (holding that a complaint need not "specifically address each individual possible defect on the property..."); Johnson v. Chao, No. 2:07cv1151, 2007 WL 3010567, at *2 (E.D. Cal. 2007) (finding a complaint sufficient when it stated that a parking ramp was too steep, a subsequent landing was not compliant, and listed specific provisions applicable to the alleged non-compliance).

Defendant points the Court to an Order dated April 5, 2011 from the Richmond Division of this Court, granting a motion for a more definite statement in a similar case. Doc. 10-3. However, a review of the Complaint in both cases show that Flaum's Complaint contains more factual allegations, and thus the April 5 Order does not support Waffle House's position. Thus, the Court **DENIES** Defendant's Motion as it relates to the four Waffle House locations.

However, the Defendant's contentions are correct as they relate to the Waffle House locations Flaum has not visited. The only allegations in the Complaint are that Waffle House employs a common design scheme, and that there are similar violations at these locations. Doc. 1 ¶ 10.

Notwithstanding the fact he may not have standing to assert these claims, Waffle House will struggle to file a responsive pleading without some notice of what the violations at these locations are, especially considering that Flaum lists different violations at the locations he has visited. Id., Doc. 17 at 3-4. Thus, the Court **GRANTS** Defendant's Motion as it relates to the forty-one Waffle House locations he has not visited, and requires that Flaum file a more definite statement detailing the barriers that exist at these locations.

### III. CONCLUSION

For the above-stated reasons, the Court **GRANTS** the Motion as it relates to the forty-one Waffle House locations Flaum has not visited, but **DENIES** the Motion as it relates to the four locations he has visited. The Court **ORDERS** that Plaintiff file a more definite statement as explained in this Order. Such statement shall be filed by the close of business on April 16, 2014. All additional factual allegations must be based on the knowledge of the Plaintiff as it existed on the date of the hearing, April 2, 2014.

The Clerk is **REQUESTED** to deliver a copy of this Order to all parties and counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA

April 3, 2014