**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

FILED
JAN 27 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**KENNETH R. FLAUM,**

    **Plaintiff,**

v.                                                                                          **Civil Action No: 4:13cv131**

**GLOUCESTER LANES, INC., et al,**

**Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the Motion to Substitute The Estate of Kenneth Robert Flaum as a party plaintiff. Doc. 82. Counsel has requested a hearing. Doc. 83. Defendants have not filed an opposition. Accordingly, the issues are fully briefed, and a hearing will not aid the decisional process. For the reasons stated herein, the Court **GRANTS** the Motion to Substitute.

**I.**     **Background**

These two consolidated actions arose under Title III of the American with Disabilities Act ("ADA") and the Virginians with Disabilities Act ("VDA"). At the time of filing, Plaintiff Kenneth R. Flaum ("Plaintiff" or "Flaum") was a disabled person who resided in Gloucester County, VA.

The Complaints in the instant Action were filed on September 27, 2013. In one action (hereinafter the "Hillside case") Plaintiff sued Defendants Hillside Cinema, L.L.C.; Mahmood Kalantar ("Kalantar"); and Belinda Kalantarzadeh ("Kalantarzadeh"), and in another (hereinafter the "Gloucester case"), Plaintiff sued Defendants Gloucester Lanes, Inc.; Kalantar; and Kalantarzadeh (collectively "Defendants") for violations of the ADA and VDA.

In the Hillside case, Plaintiff filed a Motion for Summary Judgment on July 15, 2014. Doc. 50. Defendants responded on July 28, conceding liability and asking the Court to rule on the issue of

attorney's fees and costs at a later time. Doc. 53. On August 19, 2014, the Court granted the motion for summary judgment. Doc. 57. The Court ordered Plaintiff to submit a detailed memorandum addressing attorney's fees by September 8, 2014. Id. Plaintiff filed the attorney's fee motion on September 5, 2014. Doc. 59. Defendant responded in opposition on September 30, 2014. Doc. 69.

In the Gloucester case, Plaintiff filed a Motion for Summary Judgment on September 8, 2014. Doc. 60. Defendants did not file an opposition; rather counsel for Defendants filed a Motion to Withdraw on September 11, 2014. Doc. 63. The Court denied the Motion to Withdraw on September 29, 2014. Doc. 68. The parties then filed a notice of settlement on October 2, 2014. Doc. 72. The Court adopted consent decrees requiring the consolidated Defendants to modify the properties at issue, and entered judgment against the consolidated Defendants on October 6, 2014.[1] Doc. 75. In the consent decrees, the parties agreed to have the Court decide the issue of attorney's fees in both cases. On October 7, 2014, a Motion for Attorney's Fees was filed in the Gloucester case. Doc. 76.

On October 14, Plaintiff passed away. Doc. 79 at 1. Counsel filed a suggestion of death on October 31. Id. The instant Motion to Substitute was filed on January 13, 2015. Doc. 82.

## II. Discussion

Federal Rule of Civil Procedure 25(a) allows the Court to substitute the proper party upon the death of a party, provided that the cause of action has not been extinguished upon the party's death. In this case, Plaintiff is seeking attorney's fees, and the right to an attorney's fee under the ADA is personal to the client, and not the attorney; thus, it belongs to the estate, and not counsel. Long v. Morton Plant Hosp. Ass'n Inc., 265 F. App'x 798, 800 (11th Cir. 2008). Thus, substitution is only proper if Plaintiff's ADA claim survives his death.

---

[1] The Court withheld entering judgment in the Hillside case when it granted the motion for summary judgment so as to further explore the extent of the modifications sought.

The Fourth Circuit has not explicitly addressed the question of survival of claims under the ADA. In addressing an ADEA claim, the Fourth Circuit has held that federal common law governs the survivorship of an ADEA claim. Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 n.3 (4th Cir. 1985). Applying Fariss, the Western District of Virginia found that under federal common law principles, an ADA claim survives the decedent. Hager v. First Virginia Banks, Inc., No. 7:01cv53, 2002 WL 57249, at *3 n.2 (W.D. Va. Jan. 10, 2002). However, the Southern District of West Virginia has reached the opposite conclusion, finding that state law governs the survival of ADA claims. Green ex rel. Estate of Green v. City of Welch, 467 F. Supp. 2d 656, 667 (S.D. W. Va. 2006).

Here, Fariss controls and Hager is the more persuasive decision. Courts that have found that state law governs the survival of ADA claims have relied on 42 U.S.C. § 1988(a) to find that state law governs the survival of ADA claims. Kettner v. Compass Group USA, Inc., 570 F. Supp. 2d 1121, 1131 (D. Minn. 2008). As the Kettner court explained in finding the survival of ADA claim was governed by federal law,

> With respect to the applicability of Section 1998(a), the statute itself confines its application to actions under titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights. Title 13 of the Revised Statutes consisted of R.S. §§ 530 to 1093. Likewise, Title 24 consisted of R.S. §§ 1977 to 1001, which are classified to sections 1981 to 1983, 1985 to 1987, and 1989 to 1994 of what is now Title 42 of the U.S. Code. And Title 70 of the Revised Statutes consisted of R.S. §§ 5323 to 5550, the federal criminal code at the time, which is now codified as Title 18. Thus, these annotations clearly explain which federal civil rights are covered by Section 1988(a).
>
> None of the above-reference sections of the Revised Statutes corresponds to statutes codifying the ADEA, the ADA, or the Rehabilitation Act.... The list of cases to which Section 1988(a), by its very language, applies does not include ADA or Title VII cases.

Id. at 1127–28 (internal quotation marks and citations omitted). The Kettner court further noted that the courts that were finding the survival of ADA claims governed by state law have not supported

their conclusions "with any persuasive analysis—or in fact any analysis at all—of the statutory language." See id. at 1131–32 (collecting cases). Thus, because the ADA is remedial in nature, and not punitive, under federal common law the plaintiff's cause of action survives. Id. at 1134. The logic of Kettner is sound, and further the Kettner court was faced with the survival of claims under both the ADEA and ADA. Thus, it is consistent with both Farris, controlling circuit precedent, and Hager, persuasive precedent from a sister court within the circuit. Attorney's fees provisions are an important mechanism for parties to vindicate the violation of their civil rights, and thus are remedial in nature.[2] See Disabled Patriots of America, Inc. v. Reserve Hotel, Ltd., 659 F. Supp. 2d 877, 895 n.10 (N.D. Ohio 2009) (discussing the legislative history of 42 U.S.C. § 1988 and the purpose of 42 U.S.C. § 12205). Thus, substitution is proper in this case.

### III. Conclusion

Accordingly, the Court **GRANTS** the Motion to Substitute. The Clerk is **DIRECTED** to substitute The Estate of Kenneth R. Flaum as the plaintiff in this action, and to terminate Kenneth R. Flaum as a plaintiff in this action.

The Clerk is **REQUESTED** to deliver a copy of this Order to all parties and counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 26, 2015

---

[2] Moreover, the parties expressly provided for the Court to determine the precise award of attorney's fees in the consent decrees, adopted as the Court's judgment. This further supports substitution, as generally "'an action is not abated by the death of a party after the cause has reached a verdict or final judgment and while the judgment stands, even where the judgment is based on a cause of action that would not have survived had the party died before judgment.'" Chopra v. General Elec. Co., 527 F. Supp. 2d 230, 239–40 (D. Conn. 2007) (quoting 1 AmJur. 2d Abatement, Survival and Revival § 58 (2005)).